IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

VINCENT WHITE,

    Plaintiff,

v.

DANNY THOMPSON; JOHN BROWN;
JIMMY BLAND; and Officer MOURAD,

    Defendants.

CIVIL ACTION NO.: CV610-033

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A plaintiff proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Reform Litigation Act ("PLRA"), 28 U.S.C. § 1915 and § 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff has named as Defendants: Warden Danny Thompson; Warden of Security John Brown; Unit Manager Jimmy Bland; and Officer Mourad. Plaintiff asserts that a group of inmates assaulted and robbed him soon after he arrived at Smith State Prison. Plaintiff also asserts that he was stabbed, hit with a lock tied on a belt, and was knocked unconscious. Plaintiff contends that the assault lasted for more than an hour, and, during that time, Defendant Mourad was outside smoking cigarettes and made no security rounds. Plaintiff alleges that, several days later, Defendant Thompson approached him and asked what happened. According to Plaintiff, Defendant Thompson told him that he heard Plaintiff started the fight, "was asking for trouble[ ]",

2

AO 72A
(Rev. 8/82)

and that it was not the officer's job to protect him. (Doc. No. 5, p. 1). Plaintiff asserts that he filed a grievance for reimbursement of his property due to the lack of security, and his grievance was rejected for being too long. Plaintiff also asserts that Defendant Brown told him he was not going to be reimbursed for his property. Plaintiff contends that Defendant Bland approached him over a month later and told Plaintiff that he was "pushing the wrong buttons" at Smith State Prison and that, if Plaintiff knew what was good for him, he would "stop crying like a Bitch." (Id. at p. 6). Plaintiff also contends that he has been retaliated against on more than one (1) occasion after he filed grievances.

The Eighth Amendment imposes duties on prison officials such as the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This right to safety is violated when prison officials show a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to survive on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendants showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendants' acts or omissions and the alleged constitutional deprivation. Id. Plaintiff failed to show that Defendants Mourad and Thompson were aware of a substantial risk of serious harm to Plaintiff or that they were deliberately indifferent to this unknown risk. Plaintiff's claims against Defendants Mourad and Thompson should be dismissed.

Additionally, a plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and

AO 72A
(Rev. 8/82)

the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). As Plaintiff has not shown that Defendants Bland and Brown violated his constitutional rights, his claims against Defendants Brown and Bland should be dismissed.

Further, "[t]o state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed" a lawsuit "concerning the conditions of his imprisonment." See id. Plaintiff has not identified any person who allegedly retaliated against him; accordingly, Plaintiff's retaliation claim should be dismissed.

Finally, the intentional deprivation of property gives rise to a due process clause violation when the government fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). As the alleged deprivation of Plaintiff's property occurred in Georgia, Georgia law provides the appropriate remedy.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 15th day of June, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)