FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2010 NOV 19 AM 9: 18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

VINCENT WHITE,

    Plaintiff,

v.

DANNY THOMPSON; JOHN BROWN;
JIMMY BLAND; and Officer MOURAD,

    Defendants.

CIVIL ACTION NO.: CV610-033

## ORDER

After an independent and *de novo* review, the undersigned concurs in part with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. As Plaintiff failed to object to the Magistrate Judge's recommended dismissal of his deprivation of property claim, Plaintiff's deprivation of property claim is **DISMISSED**.

In his Objections, Plaintiff asserts that Defendant Thompson allowed Defendant Mourad to work two (2) different dorms at the same time, which led to Plaintiff being assaulted by other inmates. Plaintiff also asserts that Defendant Mourad failed to check the dorm in which Plaintiff was housed, and this, too, led to other inmates assaulting Plaintiff.

The Eighth Amendment imposes a duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Thus,

a prison inmate has a constitutional right to be protected from the threat of violence and from physical assault. See Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986). In order to state a section 1983 cause of action against prison officials in this regard, however, a plaintiff must allege at least some degree of conscious or callous indifference on the part of officials. Id. (citing Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)). Only where there is "a strong likelihood, rather than a mere possibility[,]" of a known risk of injury does a correctional officer's failure to act amount to deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989)). In Hopkins v. Britton, 742 F.2d 1308, 1310 (11th Cir. 1984), the court similarly suggested that the knowledge of danger, coupled with the failure to act, might warrant a finding of deliberate indifference.

Plaintiff has not shown that, even if his allegations are true, Defendants Thompson and Mourad could have prevented other inmates from assaulting Plaintiff. Plaintiff's Eight Amendment claims against Defendants Thompson and Mourad are **DISMISSED**. Defendant Mourad is **DISMISSED** as a named Defendant.

Plaintiff also asserts that Defendants Brown and Bland rejected his grievances and that Defendants Thompson, Brown, and Bland prevented legal mail from being delivered to him. Plaintiff alleges that these actions were retaliatory and done in violation of his First Amendment rights. "To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the

right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed" a grievance or lawsuit "concerning the conditions of his imprisonment." See id.

These allegations, when read in a light most favorable to the Plaintiff, arguably state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Thompson, Brown, and Bland. A copy of Plaintiff's Complaint, Objections, and a copy of this Order shall be served upon Defendants Thompson, Brown, and Bland by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules.

In the event that Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

AO 72A
(Rev. 8/82)

4

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq.* Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a Defendant. Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

AO 72A
(Rev. 8/82)

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to

AO 72A
(Rev. 8/82)

such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this __18th__ day of __Nov.__, 2010.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA