FILED
U.S. DISTRICT COURT
_____ DIV.
2011 MAR 29 AM 11:2

CLERK R. Cur
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

VINCENT WHITE,

    Plaintiff,

v.

DANNY THOMPSON; JOHN BROWN;
and JIMMY BLAND,

    Defendants.

CIVIL ACTION NO.: CV610-033

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Vincent White ("Plaintiff"), who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. Defendants filed a Motion to Dismiss, and Plaintiff filed a Response. Defendants filed a Reply, to which Plaintiff filed "Objections". For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants Brown and Bland rejected his grievances and that Defendants Thompson, Brown, and Bland prevented legal mail from being delivered to him. Plaintiff alleges that these actions were retaliatory and done in violation of his First Amendment rights.

Defendants have moved for the dismissal of Plaintiff's Complaint, asserting that Plaintiff failed to exhaust his administrative remedies prior to filing his complaint. Defendants contend that Plaintiff fails to state a claim, he is precluded from recovery compensatory damages, and they are entitled to qualified immunity.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants aver that exhaustion of the Georgia Department of Corrections' grievance procedure requires the filing of an informal grievance, a formal grievance, and then an appeal. Defendants assert that an informal grievance is to be filed within 10 calendar days of the date of events giving rise to the grievance. Defendants contend that Plaintiff did not file any grievances in which he alleged Defendants retaliated against him by improperly rejecting his grievances. Defendants also contend that Plaintiff filed two (2) informal grievances in which he alleged he did not receive legal mail in retaliation, yet, the informal grievances were rejected as being filed untimely.

AO 72A
(Rev. 8/82)

Thus, Defendants assert, Plaintiff failed to exhaust his administrative remedies before he filed his Complaint.

Plaintiff contends that he filed four (4) grievances, all of which were rejected. Plaintiff alleges that these rejections constitute exhaustion and that having him file another grievance to allege that he was being retaliated against would be "absurd". (Doc. No. 23-2, p. 2). Plaintiff asserts that, under the applicable Standard Operating Procedure, his grievances should not have been rejected.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's

AO 72A
(Rev. 8/82)

focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the three (3) steps an inmate must complete under the Georgia Department of Corrections' grievance procedure. First, an inmate must file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." (Doc. No. 17-3, p. 6). An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id.). If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id. at pp. 7-8). Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. (Id. at p. 8). "When an inmate attempts to grieve an item that . . . is out of time, . . . it will be rejected, noting the specific reason for this action." (Id. at p. 4).

Plaintiff filed Informal Grievance Number 46769 on April 5, 2010, and his counselor received this grievance on the same date. Through this grievance, Plaintiff asserted that he never received legal mail sent to him on March 13, 2010, which was sent via two-day mail service. This informal grievance was rejected as being filed out-of-time. (Doc. No. 17-5, p. 2). Plaintiff also filed Informal Grievance Number 49413 on April 28, 2010, which a counselor received on May 4, 2010. Plaintiff again complained

about not receiving his legal mail at the time of his transfer from Smith State Prison[1] on March 17, 2010. Plaintiff also alleged that his mail was being kept from him due to retaliation. This grievance, likewise, was rejected as being filed out-of-time. (Doc. No. 17-6, p. 2).

There is no evidence before the Court that Plaintiff filed any grievances—informal or formal—in which he alleged that his grievances were rejected as a retaliatory action. (Doc. No. 17-2, p. 7; Doc. No. 17-4, p. 2). In addition, there is no evidence that Plaintiff filed formal grievances after the rejection of the two (2) informal grievances he filed. Moreover, Plaintiff's Complaint is dated March 22, 2010, and was filed in this Court on April 12, 2010. (Doc. No. 1). Even if the Court were to construe the rejections of Plaintiff's informal grievances due to untimeliness as exhausting his administrative remedies, exhaustion was not had before he filed his Complaint. The counselor received Informal Grievance Number 46769 on April 5, 2010, and a response was not required until ten (10) days after that. Plaintiff's Complaint was filed before that ten (10) days expired.[2] Plaintiff did not exhaust his available administrative remedies prior to filing this cause of action.

It is unnecessary to address the remaining grounds of Defendants' Motion.

---

[1] Pursuant to SOP IIB05-0001, an inmate can file a grievance concerning events alleged to have occurred at a facility different than the one in which he is incarcerated at the time he files a grievance. (Doc. No. 17-3, p. 11).

[2] The undersigned notes that the counselor's response to this informal grievance is dated April 27, 2010, and thus, was not within the ten (10) day period of time. However, Plaintiff would have had to wait until this time period expired before he could file his Complaint, which would have been after April 12, 2010 (the date his Complaint was filed).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's Complaint be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 29th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)